**SO ORDERED: June 21, 2006.**

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: )<br>NICHOLAS R. NANCE and, )<br>TONIA S. NANCE, )<br>    Debtors. )<br>_____ )<br>MIAMI SAND & GRAVEL, LLC, )<br>MICHAEL J. PETTIJOHN, CENTRAL )<br>INDIANA SAND & GRAVEL, LLC, )<br>PETTIJOHN & SONS, INC., and )<br>GRAVEL CONVEYORS, INC., )<br>    Plaintiffs, )<br>    vs. )<br>NICHOLAS R. NANCE and )<br>TONIA S. NANCE, )<br>    Defendants. ) | Case No. 04-02477-BHL-7<br><br><br><br><br><br><br><br><br>Adv. Proc. No. 04-0355 |

**ORDER**

This matter comes before the Court on the Plaintiffs' Motion for Summary Judgment. The Plaintiffs' **Memorandum in Support of Motion for Summary Judgment** was filed on March 15, 2005, and the Defendants' **Response to Motion for Summary Judgment** was filed on April 14, 2005. The Plaintiffs filed a **Reply Brief** on November 8, 2005, and the Court conducted a status

conference on the foregoing matter on November 11, 2005. The Court held, at that time, that it would rule on the instant motion when the automatic stay in the Debtors' ongoing Chapter 13 proceeding, Case No. 05-27599-AJM-13, was lifted. That case was dismissed on May 15, 2006.

The Plaintiffs seek summary judgment based upon two separate state court judgments out of the Madison Superior Court, Div. I. The first judgment, entered December 3, 2003, is in favor of the Plaintiff, Miami Sand & Gravel, LLC ["Miami"], against Debtors, Nicholas and Tonia Nance [the "Nances"], N & N Sand & Gravel, Inc., John and Georgia Nance, individually and d/b/a Pipe Creek Sand & Gravel [the "First Judgment"]. That judgment, however, was subject to appeal, and has now been affirmed in part, reversed in part, and remanded [the "Appellate Judgment"]. The Plaintiffs contend that the First Judgment and/or the Appellate Judgment supports a finding of nondischargeability pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). They also assert that a second judgment, entered February 5, 2004, is excepted from discharge pursuant to section 523(a)(2)(A) of the Bankruptcy Code [the "Second Judgment"]. That Second Judgment arose out of a summary judgment proceeding wherein the court held in favor of the plaintiffs, Michael J. Pettijohn, Central Indiana Sand & Gravel, LLC, Pettijohn & Sons, Inc., Gravel Conveyors, Inc., and Miami Sand & Gravel, LLC, and against the Nances.

Standard of Review

Miami has moved for summary judgment based upon the collateral estoppel effect of prior state court judgments wherein the Madison Superior Court found in favor of Miami and against the Nances on various counts. Initially, the Court would note that summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The

moving party bears the initial burden of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Full Faith and Credit Clause of the United States Constitution provides that federal courts are to accord state court judgments such weight as would be applied in the courts of the state in which the judgment was rendered. Art. IV, section 1 U.S. Constitution. Thus, the application of collateral estoppel is appropriate in bankruptcy proceedings as long as "the state litigation actually and necessarily decided the relevant issue." Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987). That Court stated:

> Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments. . . . Thus, if the requirements for applying collateral estoppel have been satisfied, then that doctrine should apply to bar relitigation of an issue determined by a state court.

Id. Pursuant to the mandate of section 1738, the preclusive effect of a state court judgment is to be measured by the applicable state law. Bicknell v. Stanley, 118 B.R. 652 (Bankr.S.D.Ind. 1990).

In order for the Court to give collateral estoppel effect to the state court judgment, the following elements must be met:

3

> 1) the issue sought to be precluded must be the same as that involved in the prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

Bicknell, 118 B.R. 652; Deluna v. Allstate Insurance Co., 598 N.E.2d 625 (Ind.App. 1992); White v. Allstate Insurance Co., 591 N.E.2d 586 (Ind.App. 1992). The judgments against the Nances, rendered by the Madison Superior Court, are entitled to collateral estoppel effect only if the foregoing requirements are met.

The State Court proceedings are somewhat complex. The First Judgment, entered after eleven (11) days of trial to the court, contained hundreds of findings of fact and conclusions of law in a seventy-one (71) page decision. Because the Appellate Judgment significantly altered the First Judgment, the Court requested Plaintiffs' Counsel to supplement the record to specifically reflect the basis for nondischargeability based upon the Appellate Judgment. The Plaintiffs' **Reply Brief** was filed in response to the Court's request.

First Judgment/Appellate Judgment

John and Georgia Nance own land in Madison County, on which is located a gravel pit. Their son and daughter-in-law, Nick and Tonia Nance, formed N & N Sand and Gravel ["N & N"] in 1998 in an attempt to turn the pit into a profitable mining operation. N & N failed to earn a profit in 1999 or 2000. In 2000, Nick met Mike Pettijohn. The two agreed to form Miami Sand & Gravel, LLC ["Miami"], a new company created to mine gravel from the pit. Miami was formed as an LLC, with one member being N & N and the other being Central Indiana Sand & Gravel, LLC, a company formed by Pettijohn and two of his relatives. After the business relationship deteriorated, on August

10, 2001, Miami filed a multi-count complaint against N & N, Nick, Tonia, John, and Georgia. In that complaint, Miami alleged, *inter alia*, that the parties were jointly and severally liable for conversion and trespass.

The First Judgment was entered by the Madison Superior Court, Div. 1, in Madison County, Indiana, on December 3, 2003, in favor of Miami. After hearing evidence over the course of several days of trial spanning from May 7 to October 2, 2003, the trial court entered detailed findings of fact, finding John, Georgia, Nick, and Tonia jointly and severally liable to Miami for conversion in the total amount of $11,701.02.[1] The trial court also held John, Georgia, Nick, and Tonia jointly and severally liable for Nick's having caused Gary Sexton to stop buying dirt from the pit at a cost to Miami of $5000 per week. The trial court characterized that as trespass and assessed total damages at $50,000. That judgment was subsequently appealed by John & Georgia Nance and those issues resolved by virtue of the Indiana Court of Appeals decision in *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826 (2005), *trans. denied* August 11, 2005.

The Appellate Judgment was entered on April 14, 2005. That Court noted that this is "a case in which Miami suffered several separate and distinct injuries, rather than a single indivisible injury." It further observed as follows:

> The first source of injury was Nick's and Tonia's depositing money that should have gone directly to Miami into their "Our Miami" account, which constituted conversion. Second, Miami suffered injury (albeit very slight, as we will discuss) when John and Georgia deposited money that should have gone directly to Miami into their "Pipe Creek" bank account. Third, Miami suffered injury when Nick effectively "drove off" a regular customer who had been buying approximately $5000 per week in dirt from the pit, which injury the trial court characterized as trespass and

---

[1] That amount is comprised of $524.69 which John and Georgia deposited in their account and $3,375.65 which Nick and Tonia deposited in their account, for a total of $3,900.34, which was trebled pursuant to the civil conversion statute.

5

found injured Miami in the amount of $50,000.

Having so found, the Appellate Court reversed the judgment against John and Georgia Nance in part, affirming the lower court's finding of conversion of the use of $524.69 for several days, and remanded the case back to the trial court for a determination of the allocation of attorney fees. The judgment amounts entered by the trial court, and subsequently upheld by the Appellate Court jointly and severally against the Debtors and N & N Sand & Gravel, Inc. are as follows:

| | |
|---|---|
| Conversion | $10,125.00 ($3,375.00 x 3) |
| Trespass | $50,000.00 |
| Court Costs | $104.00 |
| N & N - (Negative capital account) | $63,543.00 |
| Total Award | $123,772.00 |

### Second Judgment

The Second Judgment is in favor of Michael J. Pettijohn, Central Indiana & Gravel, LLC., Pettijohn & Sons, Inc., Gravel Conveyors, Inc., and Miami Sand & Gravel, LLC against the Debtors. That Judgment was entered by the Madison Superior Court, Div. I, in Madison County, Indiana, on February 5, 2003, arising out of a Motion for Summary Judgment on a Complaint on Promissory Notes. The Court specifically found the Nances to be jointly and severally liable to Michael J. Pettijohn and Central Indiana Sand & Gravel, LLC for $35,479.83; to Pettijohn & Sons, Inc. for $5,183.10; to Gravel Conveyors, Inc. for $15,677.84; and to Miami in the amount of $21,129.58; for a total of $80,079.85. The Plaintiffs allege that the Second Judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) as a debt arising out of false representations or actual fraud.

Discussion

In the present case and as to the First Judgment, the Court is satisfied that the conversion, trespass, and court costs awarded by the Madison Superior Court constitute the same issue sought to be precluded in this proceeding. All of those actions stem from the Debtors' willful and wrongful conduct, of the same nature as is deemed excepted from discharge under section 523(a)(4) and 523(a)(6). The Court is likewise satisfied that the issue was actually litigated and the Debtors were fully represented in that proceeding. The Court also finds that the determination of the issue was essential to the final judgment. The Court, having similarly reviewed the state court's findings in relation to the negative capital account and resulting award of $63,543, is satisfied that the state court based such damage award on the Nances' fraudulent conduct and breach of fiduciary duty.

The Second Judgment arose out of a summary judgment proceeding in which the Nances' counsel withdrew his appearance and the Nances did not actively defend the motion for summary judgment. Although the final prong of the test requires that the party against whom collateral estoppel is being sought to be "represented" at hearing, most courts look to whether the debtor's due process rights were observed in that he was afforded a full and fair opportunity to litigate the issue. See, In re Bush, 62 F.3d 1319 (11th Cir. 1995); In re Wallace, 840 F.2d 762 (10th Cir. 1988); and see, In re Tsamasfyros, 940 F.2d 605 (10th Cir. 1991) (fact that debtor appeared *pro se* in prior state court proceeding does not lessen the collateral effect of the state court judgment). In this case, the Debtors knowingly declined to defend because they intended to pursue a bankruptcy discharge of the contested debt. Such failure to defend does not defeat the Debtors opportunity for a full and fair hearing on the merits.

7

The Court cannot ascertain from the record, however, whether the state court considered the issue of fraud in granting summary judgment in favor of the Plaintiffs. From the pleadings in evidence, it appears that the state court awarded the plaintiffs' judgments in consideration of the Nances' default on certain promissory notes. Although certainly the trial court was aware of the underlying facts giving rise to the dispute between these parties, the judgment itself does not substantiate a claim of nondischargeability in these proceedings. It is for that reason that collateral estoppel is inappropriate as to the Summary Judgment or Second Judgment issued by the Madison Superior Court.

Based upon all of the foregoing, the Court finds that the Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART in accordance herewith. This matter will be scheduled for trial on the remaining issues at the Court's earliest convenience.

# # #

Distribution to:

Ralph E. Sipes
Busby Austin Cooper & Farr
800 Main St. Ste. 200
Anderson, In 46016-1564

Nicholas & Tonia Nance
4077 N. 800 West
Frankton, IN 46044-9527

Office of U.S. Trustee
101 W. Ohio St. Ste. 1000
Indianapolis, IN 46204